# United States District Court
## FOR THE DISTRICT OF COLUMBIA

Jeffrey Bean
125 Donald Street
Sullivan, MO 63080
573-468-3364

Case No. **1:05cv02145(CKK)**

        Plaintiff(s),

v.

United States

        Defendant.

## AMENDED COMPLAINT, PETITION, AND CLAIM
## IN THE NATURE OF A COMPLAINT, PETITION, AND CLAIM
## UNDER THE AUTHORITY OF 26 U.S.C. § 7433

### I
### INTRODUCTION

1.    This Honorable Court has subject matter jurisdiction of these proceedings pursuant

to 26 U.S.C. §7433, and derives its rights pursuant to Article III of the Constitution

of the United States and Title 28 of the United States Code, as interpreted by

Nguyen v. United States, 539 U.S. 69 (2003), and by virtue of sufficient pleadings

clearly setting forth the right, title and claim of the plaintiff(s). Jeffrey Bean,

plaintiff(s), is/are (a) Citizen(s) of South Carolina, a "State in this Union," (Art. IV §

4, United States Constitution), and is/are neither employed by, nor personnel of, the

United States Inc., (Art. II, United States Constitution).   Defendant through

principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal tax beginning with "tax year" 2000 and

continuing to the present willfully, recklessly, intentionally or by reason of negligence

disregarded and continue to disregard provisions of Title 26 United States Code and the regulations promulgated thereunder as set forth below.

## II

## JURISDICTION AND VENUE

2.  This court is empowered with subject matter jurisdiction to evaluate the pleadings of plaintiff(s) under informal, relaxed and less restrictive guidelines than ordinarily affords litigants in district courts of the United States, especially *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652.

3.  This court cannot be deprived of subject matter jurisdiction because this action is procedurally proper, places substantive fact issues before this Court via affidavit, and is brought to recover damages from defendant because defendant through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal tax willfully, recklessly, intentionally or by reason of negligence disregarded and continue to disregard provisions of Title 26 United States Code and the regulations promulgated thereunder;

4.  Venue is proper in the United States District Court for the District of Columbia, (26 USC §7433). The District of Columbia is the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643. "The Office of the Secretary" is required to be exercised in the seat of government, pursuant to Title 4, United States Code, § 72, 61 Stat. 643, and is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

5.    Pursuant to Rule 12(b)(6)[1], FED.R.Civ.P., plaintiff(s) herein state(s) claims upon which relief may be granted and, therefore, *Pro Se* litigant's petition cannot be dismissed for failure to state a claim upon which relief can be granted.  *See* Haines v. Kerner, 404 U.S., 92 S. Ct. 594, 30 L. Ed. 2d 652;

### III.

### COMPLAINT AND STATEMENT OF FACTS [2]

## COUNT 1

Defendants have effectively nullified the pursuit of administrative remedy by eliminating the Office through which administrative remedy is to be sought.

## COUNT 2

Plaintiff(s) has/have exhausted all available administrative remedies and may forego exhausting any administrative remedies that are either futile or inadequate, Ft. Sumter Tours, Inc. v Andrus (1977, DC SC) 440 F Supp 914, affd (CA4 SC) 564 F2d 1119, 24 CCF ¶ 81817; Winterberger v General Teamsters Auto Truck Drivers & Helpers (1977, CA9 Or) 558 F2d 923, 96 BNA LRRM 2092, 82 CCH LC ¶ 10085; Wallace v Lynn (1974) 165 App DC 363, 507 F2d 1186, 8 CCH EPD ¶ 9822, or when agency action exceeds

---

[1] Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. Huff v United States, 10 F3d 1440 (9th Cir. 1993) and Mulvania v U.S. 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting tax payer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner (copy attached) these documents have not been issued to plaintiff(s).

In addition plaintiff(s) would emphasize to the Court that the decision in Huff and Mulvania (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement .Absent an assessment, NO TAX EXISTS. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment)

[2] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

statutory authorization. Georgia Dept. of Transp. v Dole (1983, ND Ga) 561 F Supp 1024;

Blue Ribbon Quality Meats, Inc. v Federal Trade Com. (1976, WD Mo) 434 F Supp 159,

affd (CA8) 560 F2d 874, 1977-2 CCH Trade Cases ¶ 61554. and has/have commenced

this action within two (2) years after the date on which the right of this action accrued.

COUNT 3

Pursuant to 26 C.F.R. §601.702(c) the IRS is required to answer any

correspondence of a "taxpayer" within 10 days. Plaintiff(s) have exhausted administrative

remedies in that plaintiff(s) has/have written numerous requests for documents and

authorities which require responses from the IRS. The IRS has demonstrated contempt

for plaintiff(s) correspondence by failing and/or refusing to respond to plaintiff(s)

correspondence or has responded with frivolous responses. Requiring plaintiff(s) to again

pursue administrative remedies by engaging additional futile correspondence, which would

also go unanswered, or requiring plaintiff(s) to comply with obsolete regulations would

amount to nothing more than futile reexhaustion. Hurt v. United States, 914 F. Supp. 1346,

(S.D.W.Va. 1996).

COUNT 4

Beginning with "tax year" 2000 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service,

in connection with the collection of federal income tax willfully, recklessly, intentionally, or

by reason of negligence disregarded 26 C.F.R. §601.702(c) by failing to answer

correspondence of the plaintiff(s) within 10 days.

COUNT 5

Beginning with "tax year" 2000 through and including the present year defendant,

of the taxes and penalties, whatsoever, for any of the aforementioned years plaintiff(s) allegedly owe(s), within the time and mode set forth by the secretary;

COUNT 9

Beginning with "tax year" 2000 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6501(a) by neglecting to assess taxes owed within three years;

COUNT 10

Beginning with "tax year" 2000 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6203 by failing to record an assessment of the taxes and penalties, whatsoever, for any of the aforementioned years plaintiff(s) allegedly owe(s);

COUNT 11

Beginning with "tax year" 2000 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6203 by failing to furnish plaintiff(s) copies of the records of assessment (forms 23C) of taxes and penalties for any of the aforementioned years upon plaintiff(s) request (forms 4340 and RACS 006 are not records of assessment and not only have not been furnished but are not acceptable). Plaintiff(s)

has/have requested copies of all of the aforementioned assessment records for all of the aforementioned years. Plaintiff(s) has/have not received any response of any kind;

COUNT 12

Beginning with "tax year" 2000 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §7214(a) by attempting and continuing to attempt to collect sums greater than appear on [the non-existing] records of assessment of taxes and penalties for any of the aforementioned years ;

COUNT 13

Beginning with "tax year" 2000 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6402 by failing to refund all unassessed taxes taken from plaintiff(s) upon plaintiff(s) written request to the United States Treasurer;

COUNT 14

Beginning with "tax year" 2000 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6212 by failing to send plaintiff(s) a notice of deficiency (90 day letter) for each of the aforementioned years;

COUNT 15

Beginning with "tax year" 2000 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6213(a) by failing to notice plaintiff(s) of the

last date on which plaintiff(s) could file a petition to the Tax Court for each of the

aforementioned years;

COUNT 16

Beginning with "tax year" 2000 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6320 by failing to notify plaintiff(s) of the filing

of a notice of lien for each of the aforementioned years;

COUNT 17

Beginning with "tax year" 2000 through and including the present year defendant,

through principals, officers, agents,  and/or employees of the Internal Revenue Service,

in connection with the collection of federal income tax willfully, recklessly, intentionally, or

by reason of negligence disregarded 26 U.S.C. §6321 by filing an invalid and unlawful

Notice of Tax Lien against plaintiff(s) for each of the aforementioned years;

COUNT 18

Beginning with "tax year" 2000 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6325 by failing to release the aforementioned

lien(s) when it became obvious that said lien(s) was/were invalid and unlawful;

COUNT 19

Beginning with "tax year" 2000 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6404(g) by failing to suspend interest and

penalties for reason that defendant has not specifically stated the amount of, and the basis

for the liability defendant says plaintiff(s) owe(s) for each of the aforementioned years;

COUNT 20

Beginning with "tax year" 2000 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6751(a) by failing to include in a notice

imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the

penalty, and (3) an actual computation of the penalty;

COUNT 21

Beginning with "tax year" 2000 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6751(b)(1) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination;

COUNT 22

Beginning with "tax year" 2000 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §7491(c) by refusing to produce any evidence with respect to the imposition of penalties and additions;

COUNT 23

Beginning with "tax year" 2000 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §7602(a) by conducting a presumed financial status audit for each of the aforementioned years;

COUNT 24

Beginning with "tax year" 2000 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §7491(b) by refusing to prove items of income

which were reconstructed solely through the use of statistical information on unrelated

taxpayers for each of the aforementioned years;

COUNT 25

Beginning with "tax year" 2000 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6321 by filing of an invalid and unlawful

Notice of Tax Levy on plaintiff(s) wages, bank account, & etc;

COUNT 26

Beginning with "tax year" 2000 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6331(a) by failing to send plaintiff(s) a ten

(10) demand for payment before issuing a levy for each of the aforementioned years;

COUNT 27

Beginning with "tax year" 2000 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6331(d)(1)(2) by failing to send the plaintiff(s)

a thirty (30) day notice for each of the aforementioned years;

COUNT 28

Beginning with "tax year" 2000 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6343(b) by refusing to relax a levy after determination that the total sum of taxes was not collectible;

COUNT 29

Beginning with "tax year" 2000 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §6330(a) by failing to provide plaintiff(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or levy and/or other agency action for each of the aforementioned years;

COUNT 30

Beginning with "tax year" 2000 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service, in connection with the collection of federal income tax willfully, recklessly, intentionally, or by reason of negligence disregarded 26 U.S.C. §7123(b)(1) by failing to provide plaintiff(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for each of the aforementioned years;

COUNT 31

Beginning with "tax year" 2000 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded 26 U.S.C. §6159 by abrogating plaintiff(s) guaranteed

availability of an installment agreement;

COUNT 32

Beginning with "tax year" 2000 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, in

connection with the collection of federal income tax willfully, recklessly, intentionally, or by

reason of negligence disregarded by failing to comply with  the Federal Records Act, 44

USC § 3101,  the National Archives Act, 44 USC § 3106, and federal regulations, at 36

CFR Part 1222, which requires the IRS to make and preserve records containing adequate

and proper documentation of, the organization of the agency; the functions of the agency;

the policies of the agency; the decisions of the agency; the procedures of the agency; and

the essential transactions of the agency. This failure is supported by the GAO audit reports

for the years 1993 through and including 2005. Plaintiff(s) provide an extraction from the

aforementioned GAO audit reports in support of this claim: The following extractions from

the GAO audit reports for the years 1993 through and including 2003 establish that without

exception:  IRS records are generally unreliable, the IRS cannot generate a file or listing

of detailed transactions such as assessments, collections, abatements, refunds, and interest recorded; IRS permits employees to make unauthorized access and modifications to taxpayer information; IRS cannot retrieve the detailed information needed to summarize individual types of transactions, such as penalties or interest, or support the information included in IRS' reports; IRS cannot ensure that (1) manual entries are appropriate and authorized and (2) any keying errors associated with manually inputted entries are detected; IRS' systems do not routinely produce reliable information about valid and collectible accounts receivable; IRS' automated records contain errors and IRS does not record tax assessments, payments and other activities; IRS controls over cash, checks and related hard copy taxpayer data it receives from taxpayers do not sufficiently limit the risk of theft, loss, or misuse of such funds and data; many assessments were erroneous; IRS stated that it generally agreed with the findings and conclusions in the reports.

COUNT 33

The IRS has sent numerous letters to the plaintiff each alleging a different amount in dispute. Thus the amount in dispute cannot be completely and accurately ascertained at this time, but will be more fully known after the completion of discovery.

IV
Legal Authority

1.    Section 7433 of the Internal Revenue Code provides "taxpayers" with a cause of action for damages against the United States when in connection with the collection of any federal tax where IRS principals, officers, agents, , and/or employees willfully,

recklessly, intentionally or by reason of negligence disregard any provision of Title 26 United States Code and the regulations promulgated thereunder.

2.  Before sums deposited in respect of a "presumed taxpayer" can be converted to use by the United States Treasury, the "taxpayer" must be assessed. The term "assessment" has a technical meaning binding on a court and on the government. United States v. Miller, 318 F.2d 637, (7th Cir. 1963); See also Davis v Strople (Fla) 39 So 2d 468; People ex rel. Mayfield v Springfield, 16 Ill 2d 609, 158 NE2d 582;, 77 Ohio St 311, 83 NE 392; Morissette v United States, 342 US 246; 96 L.Ed. 288; 72 S. St 240; Case v Los Angeles Lumber Products Co. 308 US 106, 84 L Ed 110, 60 S Ct 1, reh den 308 US 637, 84 L Ed 529, 60 S Ct 258.

3.  The assessment process regarding federal income taxes is a matter controlled by statutes and regulation; **IT IS NOT POSSIBLE FOR A "TAXPAYER" TO MAKE AN ASSESSMENT**. 26 C.F.R. §§ 301.6201-1 and 301.6203-1; Girard Trust Bank v. United States, 643 F.2d 725 (Ct.Cl. 1981).

4.  The *Internal Revenue Code* articulates clearly what an "assessment" is and the *Code* clearly defines the form which is to be completed for an assessment. In the 1954 and 1986 Internal Revenue Codes, § 6201(a) authorizes the Secretary of the Treasury to make assessments.

5.  The method of recording an administrative act such as an assessment is governed by § 6203, which provides:

> The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. <u>Upon request of the taxpayer</u>, the Secretary shall furnish the taxpayer a copy of the record of assessment (emphasis added).

6  "The term 'Secretary' means the Secretary of the Treasury or his delegate." 26

U.S.C. § 7701(a)(11)(B).

7.  The specific tax regulation concerning the assessment process is 26 C.F.R. §

301.6203-1 which reads in pertinent part:

> [T]he director of the regional service center shall appoint one or more assessment officers. The assessment shall be made by an assessment officer signing the summary record of the assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. *See* <u>United States v. Coson</u>, 286 F.2d 453 (9th Cir. 1961); <u>Kurio v. United States</u>, 281 F. Supp. 252 (D.C.Tex. 1968); <u>Heck v. Walters</u>, 523 F.2d 23 (C.A. Cal. 1975); <u>United States v. Taylor</u>, 305 F.2d 183 (4th Cir.), *cert. denied*, 371 U.S. 894 (1962).

There can be no dispute that the assessment list is the supporting record and

is absolutely essential before an assessment can be made. The regulation

references a signed document and is consistent with the supporting statute which

provides that the taxpayer is entitled to a copy reference to which implies that a hard

copy exists.

8.    By the Internal Revenue Service's own admission in its IR Manual [5312(1), MT

5300-1 (11-15-85)], the assessment lists support the assessment certificate:

> The foregoing statement from the IR Manual is a party
> admission that an assessment list must exist.  *See*
> United States v. Van Griffin, 874 F.2d 634, 638 (9th Cir.
> 1989) (Government manuals are admissible as party
> admissions under Fed.R.Evid. 801(d)(2)(D)).

9.    In addition to the above IRM provision which proves that Form 23-C is the

assessment form, established decisional authority also reveals that a tax

assessment is made upon Form 23-C.  For example, in Meyersdale Fuel Co. v.

United States, 44 F.2d 437, 443 (Ct.Cl. 1930), Form 23-C is mentioned: When the

Commissioner of Internal Revenue makes an assessment of taxes, he signs a list

entitled "Commissioner's assessment list" on Form 23C-1.

10.   In Brafman v. United States, 384 F.2d 863 (5th Cir. 1967), the procedure for the

execution of a tax assessment on a Form 23-C was articulated.  In *Brafman*, the

government sought to attach liability for unpaid estate taxes to an heir of that estate

under a transferee liability theory.  But, Mrs. Brafman argued that she was not so

liable because the assessment certificate relevant in that case was unsigned.  In

agreeing with that argument and holding the certificate at issue void, the court

stated:

> The assessment certificate involved in this case, a photostated [sic]
> copy of which is in the record, is not signed by an assessment officer
> or by any other official ... Since the certificate lacks the requisite

signature, it cannot constitute a valid assessment. Id. at 865-66.

Even the instructions on the reverse side of the assessment certificate, Form 23-C, specify that the original form "is to be transmitted to the District Director for signature, after which it will be returned to the Accounting Branch for permanent filing." Id. at 866.

What is important in any case is that the assessment is not automatic upon recordation; **it requires the action of an assessment officer**. That action, as defined explicitly in the Treasury Regulations, is the signing of the certificate. Id. at 867. See also Stallard v. United States, 806 F.Supp. 152, 158 (W.D.Tex. 1992) (Defendant submitted a "Form 23C," which it asserts is a summary record of assessment.) See also Robinson v. United States, 920 F.2d 1157 (3rd Cir. 1990).

11.   Merely demanding payment for a tax, even repeatedly, does not cause liability.

Bothke v. Fluor Engineers and Constructors, Inc., 713 F.2d 1405 (1983).

12.   Several cases disclose the type of information which must be contained on a Form

23-C tax assessment record and its supporting list. For example, in Ianelli v. Long,

329 F.Supp. 1241, 1242 (W.D.Pa. 1971), the description of the various data is as

follows:

The procedure for assessment provides, inter alia, that the assessment officer shall sign the summary record of assessments made against any tax payer, that said action, through supporting records, shall provide identification of the tax payer, the character of the liability assessed, the taxable period as applicable, and the amount of the assessment. The date of the assessment is the date the summary record is signed by an assessment officer. 26 U.S.C.A. § 301.6203-1, Code of Federal Regulations. **Since this procedure was not followed, in this case, therefore, the assessment is void and the executions based thereon are invalid** (emphasis added). In Planned Investments, Inc. v. United States, 881 F.2d 340, 343 (6th Cir. 1989), the court examined the requirements of 26 C.F.R. § 301.6203-1 and concluded:

Section 6203 of Subchapter A provides that assessment be made by recording the liability in accordance with the regulations promulgated by the Secretary. 26 U.S.C. § 6203 ... Treasury regulations provide that the assessment be made by signing the summary record of assessment. 26 C.F.R. § 301.6203-1. The summary record, through supporting documents, must contain the following:
(1)    identification of the taxpayer;
(2)    character of liability assessed;
(3)    taxable period, if applicable; and
(4)    amount of assessment.
Finally, the court in Robinson v. United States, 920 F.2d 1157, 1158 (3rd Cir. 1990), described the assessment process as:
A duly designated official for the district or regional tax center signs the summary record of the assessment, which identifies the taxpayers, the type of tax owed, the taxable period and the amount of the assessment. 26 U.S.C. § 6203; Treas. Reg. § 301.6203-1. See also Essex v. Vinal, 499 F.2d 265, 230 (8th Cir. 1974).

13.    There is no statutory authority for the IRS to substitute any other form or document for the required form 23-C (Summary Record of Assessment).

14.    Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. Huff v United States, 10 F3d 1440 (9th Cir. 1993) and Mulvania v U.S. 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting tax payer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner (copy attached)

these documents have not been issued to plaintiff(s).

In addition plaintiff(s) would emphasize to the Court that the decision in Huff and Mulvania (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement. **ABSENT AN ASSESSMENT, NO TAX EXISTS**. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment) Absent an assessment, NO TAX EXISTS. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment), Ridinsky v. United States, 622 F. Supp. 331 (1985); Estate of M. Karl Goetz v. United States, 286 F.Supp. 128; In re Western Trading Co., 340 F.Supp. 1130 (D.Nev. 1972). **The absence of the requisite documents proves that there has been no assessment and, consequently, no tax exists and no tax collection activities may be pursued. (Mandatory Judicial Notice** FED.R.EVID. 201**).**

15.    It is well established that anyone who deals with the government assumes the risk that the agent acting in the government's behalf has exceeded the bounds of his authority. Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093 (9th Cir. 1981); Lavin v. Marsh, 644 F.2d 1378 (9th Cir. 1981): Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1 (1947); Government of the Virgin Islands v. Gordon,

244 F.2d 818 (3ʳᵈ Cir. 1957). However, public officers are but agents whose authority is defined and limited by law. Their acts beyond their lawful powers are ineffectual to bind the public, which they represent, and their neglect and laches can seldom affect public rights. Hale County, Texas v. American Indemnity Co, 63 F.2d 275 (5ᵗʰ Cir. 1933); Board of Comm. of Peace Officers Annuity and Benefit Fund v. Clay, 214 Ga. 70, 102 S.E.2d 575, (1958); Pierce v. United States, 7 Wall. (74 U.S. 666, 673 (1868); Federal Trade Commission v. Raladam Co., 283 U.S. 643, 51 S.Ct. 587 (1931); United States v. Forster, 131 F.2d 3 (8ᵗʰCir. 1942). The acts of federal agents — committed without delegated authority — are also held void in Cudahy Packing Co. v. Holland, 314 U.S. 357, 62 S.Ct. 651 (1942); United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820 (1974); United States v. Pees, 645 F.Supp. 687 (D.Col. 1986); United States v. Hovey, 674 F.Supp. 161 (D.Del. 1987); United States v. Spain, 825 F.2d 1426 (10ᵗʰ Cir. 1987); United States v. Emerson, 846 F.2d 541 (9ᵗʰ Cir. 1988); United States v. McLaughlin, 851 F.2d 283 (9ᵗʰ Cir. 1988); and United States v. Widdowson, 916 F.2d 587, 589 (10ᵗʰ Cir. 1990).

16.  Plaintiff(s) exclusive remedy is found under 26 U.S.C. § 7433. Schipper v. United States (E.D.N.Y. 1995); Barron v. United States (D.C.N.H. 1998); Valladares v. IRS (E.D.Cal. 2001); Gille v. United States, 838 F.Supp. 521 (N.D.Okla. 1993); Information Resources, Inc. v. United States, 950 F.2d 1122, ( 5ᵗʰ Cir. 1992).

17.  Administrative claims which plaintiff(s) filed with the Internal Revenue Service and

the Secretary of the Treasury work to satisfy the requirement that a "taxpayer" must

exhaust administrative remedies before bringing suit for disregarding provisions of

Title 26 United States Code and its regulations in connection with collection

activities. Even assuming some minor defect in plaintiff(s) administrative claim,

requiring plaintiff(s) to comply with obsolete regulations or to again pursue

administrative remedies would amount to nothing more than futile reexhaustion. <u>Hurt</u>

<u>v. United States</u>, 914 F. Supp. 1346, (S.D.W.Va. 1996).

18.     The penalties for disclosure of confidential information by an officer or employee of

the United States or of any department or agency thereof are prescribed in 18 U.S.C.

§ 1905. In <u>United States v. Lee</u>, 106 U.S. 196, 1 S.Ct. 240 (1882), the Court held:

> No man in this country is so high that he is above the law. No officer
> of the law may set that law at defiance with impunity. All the officers of
> the government, from the highest to the lowest, are creatures of the
> law and are bound to obey it. It is the only supreme power in our
> system of government, and every man who by accepting office
> participates in its functions is only the more strongly bound to submit
> to that supremacy, and to observe the limitations which it imposes
> upon the exercise of the authority which it gives.

## V

## <u>CONCLUSION</u>

19.     As pointed out in ¶14(legal Authorities) **ABSENT AN ASSESSMENT, NO TAX**

**EXISTS**. In the instant matter no forms 23C exist, therefore no assessment exists

for any year relevant to this matter. Therefore, no collection activity against

plaintiff(s) may be pursued. Thus, all collection activity pursued against plaintiff(s)

for the aforementioned years constitutes unlawful collection activity and a disregard of the provisions of Title 26 U.S.C. and its regulations.

20.    As pointed out in ¶5 (legal authorities) when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement.

21.    As pointed out in COUNTS 2, 3 & 5 the IRS has demonstrated contempt for plaintiff(s) by failing and/or refusing to respond to plaintiff(s) correspondence or has responded with frivolous responses. Requiring plaintiff(s) to again pursue administrative remedies by engaging additional futile correspondence, which would also go unanswered, or requiring plaintiff(s) to comply with obsolete regulations would amount to nothing more than futile reexhaustion. Hurt v. United States, 914 F. Supp. 1346, (S.D.W.Va. 1996).

22.    As a direct and proximate result of the reprehensible, egregious, and vexatious conduct and the wanton disregarding of provisions of Title 26 United States Code and the regulations promulgated there-under by defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal income tax plaintiff(s) has/have suffered one or more of the following:  (1) substantial personal embarrassment, (2) loss of income, (3) loss of goodwill, (4) loss of business, (5) loss of property, (6) loss of savings, etc., resulting

in actual damages, the extent of which at this time cannot be completely and accurately ascertained, but which will be more fully known after a determination, by the court, that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), willfully, recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

23.    Such reprehensible, egregious, and vexatious conduct and the wanton disregarding of the provisions of Title 26 United States Code and the regulations promulgated thereunder by defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax entitles plaintiff(s) to punitive damages the extent of which at this time cannot be completely and accurately ascertained, but which will be known more fully known after a determination, by the court, that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), willfully, recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

24.    Defendants have effectively nullified the pursuit of administrative remedy by eliminating the Office through which administrative remedy is to be sought.

Plaintiff(s) may forego exhausting administrative remedies that are either futile or inadequate, Ft. Sumter Tours, Inc. v Andrus (1977, DC SC) 440 F Supp 914, affd (CA4 SC) 564 F2d 1119, 24 CCF ¶ 81817; Winterberger v General Teamsters Auto Truck Drivers & Helpers (1977, CA9 Or) 558 F2d 923, 96 BNA LRRM 2092, 82 CCH LC ¶ 10085; Wallace v Lynn (1974) 165 App DC 363, 507 F2d 1186, 8 CCH EPD ¶ 9822, or when agency action exceeds statutory authorization. Georgia Dept. of Transp. v Dole (1983, ND Ga) 561 F Supp 1024; Blue Ribbon Quality Meats, Inc. v Federal Trade Com. (1976, WD Mo) 434 F Supp 159, affd (CA8) 560 F2d 874, 1977-2 CCH Trade Cases ¶ 61554. and has/have commenced this action within two (2) years after the date on which the right of this action accrued.

24.   Section 6103(e)(1)(A)(1) of the Internal Revenue Code, Title 26, United States Code, § 6103(e)(1)(A)(1), grants a statutory right to access one's own tax records.

25.   Federal tax regulation 301.6103-1(c), Title 26, Code of Federal Regulations, § 301.6103-1(c), reiterates defendants' statutory obligation.

26    Section 7433(a) of the Internal Revenue Code, Vol 68A, Stat 3, § 7433(a), Title 26, United States Code § 7433(a), states:

"If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

27.    Federal tax regulation 301.7433-1(a), Title 26, Code of Federal Regulations, §301.7433-1(a), reiterates,

"If, in connection with the collection of a federal tax with respect to a taxpayer, an officer or an employee of the Internal Revenue Service recklessly or intentionally[3] disregards any provision of the Internal Revenue Code or any regulation promulgated under the Internal Revenue Code, such taxpayer may bring a civil action for damages against the United States in federal district court."

## REMEDY SOUGHT

28.    Determination that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), willfully, recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

29.    Upon a determination that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal tax from the plaintiff(s), willfully, recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code plaintiff(s) seek(s) an ORDER:

A.    directing defendants to comply with each and every statutory requirement in the performance of duties; and,

B.    directing defendants to pay damages in accordance with section 7433; and,

C.    directing defendants to pay such other and further damages as the court deems just and proper;

D.    all to amend the reprehensible, egregious, and vexatious behavior of the

---

[3] The July, 2002 edition of RIA Federal Tax Regulations includes the note: "Caution: The Treasury has not yet amended Reg §301.7433-1 to reflect changes made by P.L. 105-206, P.L. 104-168," reflecting the addition of negligence as a basis for disregard of provision of Title 26, United States Code,, or any regulation promulgated under Title 26, United States Code,

defendants' principals, officers, agents, and/or employees.

Dated: _February  13___, 2006

_Jeffrey E Bean_____
Jeffrey Bean