UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY BEAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No. 05-2145 (CKK) |

**ORDER**
(December 4, 2006)

*Pro Se* Plaintiff Jeffrey Bean brings this action against Defendant, the United States, pursuant to the Taxpayer Bill of Rights, 26 U.S.C. § 7433 ("TBOR"), alleging that "principals, officers, agents, and/or employees of the Internal Revenue Service," ("IRS") "willfully, recklessly, intentionally or by reason of negligence[,] disregarded and continue to disregard provisions of [the Internal Revenue Code ("IRC"),] Title 26 of the United States Code[,] and the regulations promulgated thereunder . . . ." Am. Compl. at 1-2.[1]  Plaintiff seeks a declaratory judgment that the IRS "willfully, recklessly, intentionally or by reason of negligence" violated the IRC, an injunction directing Defendant to "comply with each and every statutory requirement in the performance of duties," and damages for each section of the IRC so violated.  Am. Compl. at 25.

Before the Court is Defendant's [14] Motion to Dismiss.  One of the arguments raised in Defendant's Motion to Dismiss is that Plaintiff has failed to properly serve the United States

---

[1] The Court will cite to the Amended Complaint by page number rather than by paragraph number due to the repetitive paragraph numbering employed in the Amended Complaint.

because Plaintiff failed to perfect service of the summons and Complaint on the IRS.  *See* Def.'s Mem. to Dismiss at 10.

Plaintiff in this case attempted to effectuate service upon Defendant the United States through the procedure described in Federal Rule of Civil Procedure 4(i)(1), which provides that:

Service upon the United States shall be effected

- A. by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk of the United States attorney and

- B. by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia . . . .

- C. *in any action attacking the validity of an order of an office or agency of the United States not made a party,* by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

Fed. R. Civ. P. 4(i)(1)(A)–(C) (emphasis added).  Indeed, an examination of Plaintiff's January 17, 2006 Return of Service/Affidavit of Summons and Complaint, which attached certified mail return receipts, reveals that Plaintiff only mailed a copy of the Summons and Complaint to the Attorney General and the United States Attorney for the District of Columbia, received on December 27, 2005.  *See* Pl.'s 1/17/06 Return of Service/Aff. of Summons & Compl. at 3, 6.  However, Plaintiff's Return of Service indicates that Plaintiff failed to serve the IRS as a government agency of the United States.  *See id.* at 1, 4 (serving the Attorney General and the United States Attorney for the District of Columbia).  Plaintiff admits as much in his [16] Response to Defendant's Motion to Dismiss, in which Plaintiff states: "Counsel also alleges that

2

plaintiff(s) did not serve the Internal Revenue Service.  This is a clear misrepresentation of this matter as the Internal Revenue Service is not named as a party to this matter and thus plaintiff is not required to serve the Internal Revenue Service." Pl.'s Resp. to Mot. to Dismiss at 2.  Given the substance of Plaintiff's Complaint, this failing renders Plaintiff's perfection of service improper.

Federal Rule of Civil Procedure 4(i)(1)(C) provides that where a civil action "attack[s] the validity of an order of an . . . agency of the United States not made a party," service must "be effected . . . by . . . sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency." Fed. R. Civ. P. 4(i)(1)(C).  Throughout his Amended Complaint, Plaintiff challenges the validity of various orders presumably issued by the IRS to, *inter alia*, collect taxes, perform audits, institute levies and liens, and penalize Plaintiff for IRC violations.  Am. Compl. at 4-13.  In his filings, Plaintiff even goes to great lengths to directly challenge the validity of the IRS's administrative remedies.  *See* Pl.'s Resp. to Mot. to Dismiss at 13–20 (arguing that the regulations for administrative remedies, among other things, frustrate the congressional intent behind the TBOR).  Thus, given Plaintiff's comprehensive attempt to challenge the taxes imposed on him by the IRS, Plaintiff is challenging the validity of orders issued by a United States agency requiring the application of Federal Rule of Civil Procedure 4(i)(1)(C).

Given the fact that Plaintiff effected service by only sending the summons and Complaint to the Attorney General and the United States Attorney for the District of Columbia, it is clear that Plaintiff did not comply with the basic requirements of Federal Rule of Civil Procedure 4(i)(1)(C).  As such, the apparent service upon Defendant was defective.  "It is axiomatic that no

valid judgment can be entered against the United States without proper service." Charles Alan Wright & Arthur R. Miller, 4A *Federal Practice & Procedure* § 1106 at 146 (2d ed. 1987).

Pursuant to Federal Rule of Civil Procedure 4(i)(3), "[t]he court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve: (A) all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney or the Attorney General of the United States . . . ." Fed. R. Civ. P. 4(i)(3). Accordingly, the Court shall allow Plaintiff until January 12, 2007, to cure his failure to serve the IRS with a summons and the Amended Complaint in the instant case. Plaintiff should be mindful that the IRS must be served in accordance with Federal Rule of Civil Procedure 4(i)(2)(A), which states: "[s]ervice on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation." Fed. R. Civ. P. 4(i)(2)(A). The Court also notes that pursuant to Federal Rule of Civil Procedure 4(c), service of the Amended Complaint on the IRS may not be made by Plaintiff himself. *See* Fed. R. Civ. P. 4(c) ("Service may be effected by any person *who is not a party* and who is at least 18 years of age.") (emphasis added).

Plaintiff is advised that if he fails to properly serve the IRS by January 12, 2007, his case shall be dismissed without prejudice, as this instant Order constitutes notice to Plaintiff as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion *or on its own initiative after notice to the plaintiff*, shall

dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.").

Accordingly, it is, this 4th day of December, 2006, hereby

ORDERED that Plaintiff, via someone other than Plaintiff himself, must serve the IRS in accordance with the Federal Rules of Civil Procedure with a summons and the Amended Complaint in the instant case and file with the Court an affidavit of service with proof of service attached by January 12, 2007; it is also

ORDERED that if Plaintiff fails to properly serve the IRS by January 12, 2007, the Court will dismiss without prejudice the instant case in its entirety; it is also

ORDERED that Defendant's [14] Motion to Dismiss is HELD IN ABEYANCE; it is also

ORDERED that the Clerk's office shall mail a copy of this Order to Plaintiff at the following address:  125 Donald Street, Sullivan, MO 63080.

SO ORDERED.

      /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge