# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Jeffrey Bean

          Plaintiff(s),

v.

United States

          Defendant.

Case No. 1:05cv02145(CKK)

**RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

      Defendants' unsupported/naked Motion to Dismiss raises three issues: (1) that plaintiff's verified complaint is merely an attempt to challenge the underlying tax liability; (2) that plaintiff fails to provide any facts to support plaintiff's claims; (3) that plaintiff's verified complaint has a separate cause of action under 26 U.S.C. §7214.

      Plaintiff has filed a verified complaint sworn to under penalty of perjury. Thus, plaintiff's verified complaint is an affidavit and is to be considered by the Court as a sworn statement. Defendants' motion fails to contain an affidavit and is therefore insufficient to overcome a sworn statement.

      Plaintiff does not challenge an underlying tax liability. Plaintiff's verified complaint asserts that defendant disregarded numerous collection procedures regarding the attachments to plaintiff's verified complaint.

      Defendant with the active assistance of counsel falsely and willfully attempts to mislead the Court by falsely asserting that plaintiff's complaint is merely an attempt to challenge the underlying tax liability.

      To challenge a tax liability there must first exist a tax liability to challenge. Defendants' motion contains no facts/evidence/sworn statements upon which the Court can

Jeffrey Bean v. United States.
Case No.1:05cv02145(CKK)

page 1 of 4 pages

Response to Motion to Dismiss

**RECEIVED**

JUN 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

determine the existence of a tax liability to challenge. A tax liability occurs pursuant to 26 U.S.C. §§6201, 6202 when the secretary or his delegate signs and records a certificate of assessment. In the instant matter plaintiff has requested copies of the certificates of assessment. Defendant has failed and/or refused to provide same as required by law. (see 26 U.S.C. §6203). Plaintiff asserts that 26 U.S.C. §§6201, 6202, 6203 are controlling in this issue. In the clear absence of an assessment no liability exists. Therefore, defendants unsupported/naked assertion is clearly false and is an attempt to mislead the court. Should there exist certificates of assessment then defendant, by law, is required to produce them. The law is that no assessment no tax. There are no facts/evidence/sworn statements before the court that the defendant has assessed any tax liability against the plaintiff. Therefore plaintiff correctly asserts that defendant disregarded the requirement to make and record an assessment. Further, there are no facts/evidence/sworn statements before the court certifying that all collection procedures were followed regarding the attachments to plaintiff's verified complaint. Neither the Court nor the defendant can read into plaintiff's verified complaint language that is not put there by the plaintiff.

Defendant admits that Rule 8 requires only a short plain statement of the claims made by the plaintiff. Defendant with the active assistance of counsel attempts to amend Rule 8 to require the inclusion of facts. Rule 8 is absolutely silent as to any requirement regarding facts. The word facts is not found in Rule 8. Plaintiff asserts that the Verified Complaint meets the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), as

Response to Motion to Dismiss

Jeffrey Bean v. United States.
Case No.1:05cv02145(CKK)

interpreted in *Conley v. Gibson*, 355 U.S. 41[1].  Plaintiff asserts that *Conley v. Gibson* is controlling on this issue. Neither the Court nor the defendant can read into Rule 8 language that was not put there by Congress.   Therefore, there are no facts before the Court to support defendants' false assertion. Neither the Court nor the defendant can read into plaintiff's verified complaint language that is not put there by the plaintiff.

Defendant with the active assistance of counsel falsely and willfully attempts to mislead the Court by falsely asserting that plaintiff's complaint contains a separate cause action under 26 U.S.C. §7214.  Plaintiff makes no such assertion. Nor, does plaintiff's complaint contain any counts alleging any violations of 26 U.S.C. §7214. Neither the Court nor the defendant can read into plaintiff's verified complaint language that is not put there by the plaintiff.

Wherefore, plaintiff having responded to defendants' motion to dismiss requests that the Court deny defendants' motion as frivolous and allow plaintiff's verified complaint to move forward or in the alternative consider plaintiff's sworn statement to be true and unrebutted by defendants' unsupported/naked motion and grant plaintiff summary judgement..

Dated____June  16_____, 2007

_____            _____
Jeffrey Bean

---

[1] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Beatriz T. Saiz
Ben Franklin Station
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated _____ June 16 _____, 2007

_____
Jeffrey Bean

Jeffrey Bean  v. United States.
Case No.1:05cv02145(CKK)

Response to Motion to Dismiss