IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY BEAN, | ) |
| Plaintiff, | ) No. 1:05-cv-02145 (CKK) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

**UNITED STATES' REPLY IN SUPPORT OF
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

The United States submits this reply to address one argument raised by plaintiff in his opposition to the motion to dismiss the second amended complaint. The United States otherwise relies on its motion to dismiss.

Plaintiff seeks damages under 26 U.S.C. § 7433. The United States moved to dismiss asserting that the Court lacks subject matter jurisdiction over plaintiff's unauthorized collection claim because plaintiff's claim is premised on a challenge of the underlying tax liability. Basically, plaintiff asserts that since he does not owe any tax, then any collection is inappropriate. Such a claim is not permissible under Section 7433 of the Internal Revenue Code.

Plaintiff attempts to challenge the merits of the underlying tax liability under the guise of an unauthorized collection claim. His opposition to the motion to dismiss evidences this fact. Two of the four pages of plaintiff's opposition are dedicated to arguing that he does not owe taxes to the Internal Revenue Service. See Opposition pp. 1-2.

His unauthorized collection claim is based on the belief that the assessment of any tax was improper. Thus, regardless of whether the examination or assessment was belated or improper, against all procedural and substantive safeguards, and without affording plaintiff due process of law, these allegations are insufficient to sustain an action under 26 U.S.C. § 7433. See Arnett v. United States, 889 F. Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); Sylvester v. United States, 978 F. Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); Zolman v. IRS, 87 F. Supp. 2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim).

## CONCLUSION

For the reasons stated in the United States' motion to dismiss and the reasons stated above, the United States respectfully requests the Court grant the motion and dismiss the case.

/ /

/ /

/ /

/ /

DATED: July 6, 2007

                                Respectfully submitted,

                                /s/ Beatriz T. Saiz
                                BEATRIZ T. SAIZ
                                Trial Attorney, Tax Division
                                U.S. Department of Justice
                                P.O. Box 227
                                Ben Franklin Station
                                Washington, DC 20044
                                Phone/Fax: (202) 307-6585/514-6866
                                Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT was served upon the following individual on July 6, 2007, by sending a copy by First Class mail, postage prepaid, addressed as follows:

>Jeffrey Bean
>125 Donald Street
>Sullivan, MO 63080

>       /s/ Beatriz T. Saiz
>BEATRIZ T. SAIZ