UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jeffrey Bean
125 Donald Street
Sullivan, MO 63080
573-468-3364

Case No. 1:05cv02145(CKK)

Jury Trial Demanded

   Plaintiff(s),

v.

United States Government

   Defendant.

### 3rd AMENDED VERIFIED COMPLAINT, PETITION, AND CLAIM FOR DAMAGES PURSUANT TO 26 U.S.C. § 7433,

I
### INTRODUCTION

COME(S) NOW Jeffrey Bean , and for cause(s) of action, aver(s):

I. **PARTIES**

 A. Plaintiff(s), is/are (a) Citizen(s) of Missouri.

 B. Defendant is the UNITED STATES OF AMERICA.

II. **JURISDICTION**

 A. This Court has jurisdiction pursuant to:

  1. Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747, as amended;

III. **VENUE**

A.  Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, <u>61 Stat. 643</u>, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

B.  "The Office of the Secretary" is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV EXHAUSTION REQUIREMENT

Plaintiff has previously provided exhaustion requirements

## V.  ALLEGATIONS[1]

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. Plaintiff(s) believe(s) that notwithstanding the filing of this suit the IRS will continue such collection action and may retaliate against plaintiff(s) for filing this suit by issuing levies, liens and other action.

Plaintiff has filed this action within two years of the discovery of sufficient facts to support a 7433 claim.

COUNT 1

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with

---

[1] This listing is not inclusive. There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to provide plaintiff copies of all assessment records for each and every year beginning with 2000 and continuing to the date of the filing of this action;

COUNT 2

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6303, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, within sixty (60) days after the alleged making of an assessment of a tax pursuant to section 6203,failed to give notice that plaintiff(s) were liable for the alleged unpaid tax, stating the amount and demanding payment thereof;

COUNT 3

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue section 6304, with the intent to defeat the application thereof, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse plaintiff(s);

COUNT 4

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6314, with intent to defeat the application thereof, defendant through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury. Defendant has refused to provide plaintiff(s), with receipts for all sums collected;

COUNT 5

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000 In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, on or about May 2007, the aforementioned agent(s) caused to be recorded with the County Recorder/Register of Deeds of Franklin, County, State of Missouri (an) unlawful Notice(s) of Tax Lien(s)[2].

COUNT 6

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000 In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers,

---

[2] *Tomlinson v. United States*, 1991 WL 338328, (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of underlying liens and levies is irrelevant), *aff'd* 977 F.2d 591 (9th Cir. 1992); *Flippo v.United States*, 670 F.Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."),*aff'd*,849 F.2d 604 (4th Cir. 1988).

agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, in connection with the aforementioned Notice(s) of Federal Tax Lien(s) wrongfully disclosed, through the public record, tax return information, such as name, address, city, state, social security number, amount of assessment, etc.;

COUNT 7

All previous counts set forth above, are realleged and incorporated as if fully set forth herein;

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, through the aforementioned wrongful disclosure has subjected plaintiff(s) to the real possibility of identity theft;

COUNT 8

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the plaintiff(s) a thirty (30) day notice for each of the aforementioned years identified in the aforementioned Notice(s) of Federal Tax Lien(s);

COUNT 9

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with notice of a right to an impartial hearing before issuing the aforementioned notice(s) of lien(s) and/or levy(s) and/or other agency action for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Lien(s);

COUNT 10

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Lien(s); ;

COUNT 11

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section

6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Lien(s);

COUNT 12

On or about 2000 the IRS began tax collection action against plaintiff(s). In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with non-binding mediation before issuing the aforementioned Notice(s) of Federal Tax Lien(s)/Levy(s) and/or other agency action for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Lien(s)/Levy(s);

COUNT 13

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with

the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Lien(s);

COUNT 14

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Missouri for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Lien(s)/Levy(s);

COUNT 15

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000 In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, on or about June, 2005, the aforementioned agent(s) caused an unlawful levy to be made against plaintiff's ~~bank account~~ wages

COUNT 16

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000 In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers,

agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, in connection with the aforementioned Notice(s) of Federal levy wrongfully disclosed tax return information, such as name, address, city, state, social security number, amount of assessment, etc.;

COUNT 17

All previous counts set forth above, are realleged and incorporated as if fully set forth herein;

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, through the aforementioned wrongful disclosure has subjected plaintiff(s) to the real possibility of identity theft;

COUNT 18

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the plaintiff(s) a thirty (30) day notice for each of the aforementioned years identified in the aforementioned Notice(s) of levy;

COUNT 19

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with notice of a right to an impartial hearing before issuing the aforementioned notice(s) of Levy(s) and/or other agency action for each of the aforementioned years as set forth on the aforementioned Notices(s) of Levy ;

COUNT 20

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Levy(s);

COUNT 21

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of

the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Levy(s);

COUNT 22

On or about 2000 the IRS began tax collection action against plaintiff(s). In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with non-binding mediation before issuing the aforementioned Notice(s) of Federal Tax Lien(s)/Levy(s) and/or other agency action for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Levy(s);

COUNT 23

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers,

agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Levy(s);

COUNT 24

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Missouri for each of the aforementioned years as set forth on the aforementioned Notices(s) of Federal Tax Levy(s); . .

## IV

## REMEDY SOUGHT

1. Plaintiff(s) seek(s) damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard or in the alternative one and one half times the statutory allowance as determined by the court; and,

2. such other and further damages as the court deems just and proper.

Dated: _July 21_, 2007

_____ _Jeffrey E Bean_ _____
Jeffrey Bean

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Missouri, personally appeared, Jeffrey Bean, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_Della M. Salasso_
Notary, State of Missouri

```
DELLA M. SALASSO
Notary Public - Notary Seal
STATE OF MISSOURI
Franklin County
My Commission Expires February 28, 2009
```

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing on:

Beatriz T Saiz
Trial Attorney, Tax Division
U.S. Department of Justice P.O. Box 227
Ben Franklin Station
Washington DC 20044

Dated: _____July 21_____, 2007

_____
Jeffrey Bean