IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY BEAN, | ) |
| Plaintiff, | ) No. 1:05-cv-02145 (CKK) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

## UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND

The United States opposes plaintiff's motion for leave to amend his complaint. Plaintiff seeks to file a third amended complaint seeking damages against the United States. Because plaintiff has failed to show cause why leave should be given or why justice so requires, the Court should deny the motion. Foman v. Davis, 371 U.S. 178, 182 (1962).

Rule 15(a) provides that leave to amend "shall be liberally given when justice so requires." Fed. R. Civ. P. 15(a). However, leave should not be granted if there exists "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . .." Foman, 371 U.S. at 182. Plaintiff's third amended complaint, which is tendered along with his complaint, is a futile amendment of the original complaint and the first two amended complaints. Similar to the first three complaints, the Court lacks jurisdiction

to grant the relief sought by plaintiff in the third amended complaint. This Court does not have jurisdiction over plaintiff's section 7433 claim because plaintiff's claim is merely an improper attempt to challenge the underlying tax liability. His unauthorized collection claim is based on the belief that the assessment of any tax was improper. Thus, regardless of whether the examination or assessment was belated or improper, against all procedural and substantive safeguards, and without affording plaintiff due process of law, these allegations are insufficient to sustain an action under 26 U.S.C. § 7433. See Arnett v. United States, 889 F. Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); Sylvester v. United States, 978 F. Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); Zolman v. IRS, 87 F. Supp. 2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim).

    For the reasons provided herein, the United States requests that the Court deny plaintiff's motion for leave to amend his complaint.

DATED: August 22, 2007.          Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney