UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY BEAN,<br><br>    Plaintiff,<br><br>      v.<br><br>UNITED STATES,<br><br>    Defendant. | Civil Action No. 05-2145 (CKK) |

**MEMORANDUM OPINION**
(March 16, 2008)

*Pro Se* Plaintiff Jeffrey Bean brings this action against Defendant, the United States, seeking damages for alleged misconduct by the Internal Revenue Service ("IRS") in the collection of taxes. Plaintiff seeks relief pursuant to the damages cause of action included in the Taxpayer Bill of Rights, 26 U.S.C. § 7433 ("TBOR"). *See generally* 2d Am. Verified Compl. ("SAC"); 3d Am. Verified Compl. ("TAC"). Currently pending before the Court is Defendant's [32] Motion to Dismiss Plaintiff's Second Amended Complaint. In addition to opposing Defendant's Motion to Dismiss, Plaintiff has filed a [36] Motion for Leave to Amend his complaint by filing a Third Amended Complaint, which Defendant opposes. Upon a searching examination of the filings submitted by each party, the relevant statutes and case law, and the entire record herein, the Court shall GRANT Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, and shall DENY Plaintiff's Motion for Leave to Amend, finding that Plaintiff's proposed amendment would be futile. Finally, the Court shall dismiss this action in its entirety with prejudice.

## I. BACKGROUND

Plaintiff filed his initial Complaint in this action on November 2, 2005. Plaintiff subsequently moved to amend his Complaint in February 2006, in response to a Court Order requiring him to show cause why venue was proper in this District. On March 15, 2006, Defendant moved to dismiss Plaintiff's original complaint. After the Court granted Plaintiff leave to file his First Amended Complaint in April 2006, he supplemented his Opposition to Defendant's Motion to Dismiss his original Complaint. In December 2006, the Court held Defendant's Motion to Dismiss in abeyance in order to give Plaintiff the opportunity to correct a deficiency in service of process. Plaintiff subsequently served the IRS, and Defendant withdrew its service challenge. In April 2007, Plaintiff filed a Second Amended Complaint and, as a result, the Court denied without prejudice Defendant's Motion to Dismiss Plaintiff's original Complaint. Defendant moved to dismiss Plaintiff's Second Amended Complaint on June 7, 2007. Plaintiff filed his Opposition to that motion on June 18, 2007, and Defendant filed its Reply on July 16, 2007. Thereafter, on July 24, 2007, Plaintiff filed a Motion for Leave to File a Third Amended Complaint, purportedly in order to correct the deficiencies identified in Defendant's pending Motion to Dismiss. Defendant filed its Opposition to Plaintiff's Motion to Amend on August 22, 2007, and Plaintiff filed his Reply on September 17, 2007.

Plaintiff's Second Amended Complaint and proposed Third Amended Complaint represent one of dozens of virtually identical lawsuits brought in this jurisdiction by tax protestors–allegedly proceeding *pro se*–asserting a variety of forms of misconduct by the IRS.[1]

---

[1] *See, e.g., Koerner v. United States*, Civ. A. No. 05-1600 (ESH); *Brandt v. United States*, Civ. A. No. 05-1613 (ESH); *Radcliffe v. United States*, Civ. A. No. 05-1624 (EGS); *Schafrath v. United States*, Civ. A. No. 05-1656 (GK); *Erwin v. United States*, Civ. A. No. 05-1698 (CKK);

Although each of Plaintiff's complaints and proposed complaints present his claims in slightly different formats, Plaintiffs' Second Amended Complaint appears to be identical to at least one other complaint filed in this jurisdiction, *see Bryant v. United State*, 527 F. Supp. 2d 137 (D.D.C. 2007) (Bates, J.), and his proposed Third Amended Complaint appears to be strikingly similar to at least one other complaint filed in this District, *see Jaeger v. United States*, 524 F. Supp. 2d 60 (D.D.C. 2007) (Bates, J.).  Further, Plaintiff's Second Amended Complaint and proposed Third Amended Complaint continue to suffer from a deficiency seen in most of these cases–namely, they provide no particularized facts specifically pertaining to Plaintiff Jeffrey Bean.  *See generally* SAC; TAC.

Plaintiff's Second Amended Complaint and proposed Third Amended Complaint allege that "On or about 2000 the IRS began tax collection action against plaintiff(s)." SAC at 2-3; TAC at 2.[2]  In each complaint, Plaintiff then enumerates a variety of "counts" of alleged misconduct on the part of Defendant, which amount to a litany of regulations and statutory provisions with few underlying factual allegations.  SAC at 3-24; TAC at 2-17.  Plaintiff fails, however, to identify the amount of taxes demanded by the IRS, specify the persons involved in

---

*Turner v. United States*, Civ. A. No. 05-1716 (JDB); *Shoemaker v. United States*, Civ. A. No. 05-1736 (RWR); *Lindsey v. United States*, Civ. A. No. 05-1761 (RBW); *Garvin v. United States*, Civ. A. No. 05-1775 (RBW); *Masterson v. United States*, Civ. A. No. 05-1807 (JDB); *Gross v. United States*, Civ. A. No. 05-1818 (JR); *Holyoak v. United States*, Civ. A. No. 05-1829 (HHK); *Travis v. United States*, Civ. A. No. 05-1867 (RCL); *Lohmann v. United States*, Civ. A. No. 05-1976 (HHK); *Scott v. United States*, Civ. A. No. 05-2043 (ESH); *Romashko v. United States*, Civ. A. No. 05-2209 (CKK); *Anderton v. United States*, Civ. A. No. 06-129 (RBW); *Buaiz v. United States*, Civ. A. No. 06-1312 (RMC); *Bryant v. United States*, Civ. A. No. 07-648 (JDB); *Jaeger v. United States*, Civ. A. No. 07-1409 (JDB).

[2] The Court cites to Plaintiff's Second Amended Complaint and proposed Third Amended Complaint by page number, as they do not contain individually numbered paragraphs.

the alleged misconduct, or describe the encumbered properties allegedly at issue.[3] Generally, Plaintiff's Second Amended Complaint alleges: (1) failure to notify Plaintiff of his obligation to keep records and file tax returns, and failure to prepare substitute tax returns on his behalf (Counts 1-8); (2) failure to make or record assessments of taxes against Plaintiff, or to furnish such assessments or a notice of deficiency to Plaintiff (Counts 10-17); (3) failure to comply with procedures governing the assessment of interest and penalties (Counts 18-21, 29); (4) improper use of Plaintiff's social security number, financial audit information, and statistical information of other tax payers (Counts 9, 22-23); (5) the imposition of unidentified notices of tax liens or levies in the absence of notice and demand, hearing, and certifications (Counts 24-25, 27-28, 30-33); and (6) "conduct the natural consequence of which is to harass, oppress, or abuse" (Count 26). Equally generally, Plaintiff's proposed Third Amended Complaint alleges misconduct by the IRS beginning with a failure to make lawful assessments and to provide copies of assessment records, followed by unidentified "conduct the natural consequence of which is to harass, oppress, or abuse," and including unlawful attempts to collect taxes through improper notice of unidentified levies and liens issued without proper procedures. *See generally* TAC.

Based on these allegations, Plaintiff's Second Amended Complaint and proposed Third Amended Complaint seek damages in the amount of $10,000 for each alleged disregard of the Internal Revenue Code ("Code) and/or IRS regulations, or in the alternative, an amount one and one half times the statutory fine under 26 U.S.C. § 7214, a provision of the Code governing

---

[3] The Court's description of Plaintiff's Second Amended Complaint is taken largely from Judge John D. Bates' description of an identical complaint in *Bryant v. United States*, Civ. A. No. 648. *See* 527 F. Supp. 2d at 138-39. The Court's description of Plaintiff's proposed Third Amended Complaint is taken largely from Judge Bates' description of a substantially similar complaint in *Jaeger v. United States*, Civ. A. No. 1409. *See* 524 F. Supp. 2d at 62.

criminal offenses by federal employees. SAC at 24; TAC at 17. Plaintiff also seeks "such other and further damages as the court deems just and proper." *Id.*

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).[4] Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp.*, 127 S. Ct. at 1965 (citations omitted).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must

---

[4] While Defendant has moved to dismiss Plaintiff's Second Amended Complaint pursuant to both Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6), the Court concludes that Defendant's argument under Rule 12(b)(1) in fact pertains to the boundaries of the right of action contained in Section 7433. As such, the Court agrees with Judge Bates' analysis in *Bryant*, 527 F. Supp. 2d at 139, and *Jaeger*, 524 F. Supp. 2d at 63, that the argument does not truly relate to this Court's jurisdiction to entertain Plaintiff's claim. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 ("[W]hen Congress does not rank a statutory limitation . . . as jurisdictional, courts should treat the restriction as nonjurisdictional"); *see also Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 188, 191 (D.C. Cir. 2006) ("[w]hether a cause of action exists is not a question of jurisdiction," but one of whether plaintiff states a claim upon which relief can be granted). The Court therefore treats Defendant's entire motion as one under Rule 12(b)(6).

construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). While the court must construe the Complaint in the Plaintiff's favor, it "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Moreover, the court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997).

### III.  DISCUSSION

Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint argues: (1) that Plaintiff impermissibly attempts to challenge the merits of his underlying tax liability, rather than any unauthorized collection; (2) that Plaintiff fails to state an unauthorized collection claim; and (3) that Plaintiff seeks relief pursuant to a criminal statute that provides no private right of action. The Court addresses each of these arguments, concluding that Plaintiff's Second Amended Complaint must be dismissed in its entirety. The Court then turns to Plaintiff's Motion for Leave to Amend his complaint by filing a Third Amended Complaint, concluding that leave to amend would be futile because Plaintiff's proposed Third Amended Complaint suffers from the same deficiencies as his Second Amended Complaint.

    A.    *Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint*

Section 7433(a) of the Code authorizes taxpayers to bring actions for civil damages

against any officer or employee of the IRS who recklessly, intentionally, or negligently acts in disregard of the Code or its implementing regulations "in connection with any *collection* of Federal tax." 26 U.S.C. § 7433(a) (emphasis added). Defendant first argues for dismissal of Plaintiff's Second Amended Complaint on the ground that it represents an improper attempt to "challenge the merits of [his] underlying tax liability under the guise of an unauthorized collection claim . . .based on the belief that the assessment of any tax was improper." Def.'s Mot. at 2. The Court agrees that Section 7433 is limited to alleged violations of law by the IRS in connection with tax *collection*, and further agrees that this conclusion warrants dismissal of a number of Plaintiff's claims.

Judge Rosemary M. Collyer conducted a thorough analysis of this issue in *Buaiz v. United States*, 471 F. Supp. 2d 129 (D.D.C. 2007), and came to the well-reasoned conclusion that "§ 7433 does not provide a cause of action for wrongful tax assessment or other actions that are not specifically related to the collection of income tax." *Id.* at 135-36. As Judge Collyer noted, all of the circuits that have addressed this issue (as well as a number of district courts in other circuits) have reached the same conclusion, and the legislative history, structure of the Code, and principles of statutory interpretation favor it as well. *Id.* (citing, *inter alia*, *Miller v. United States*, 66 F.3d 220, 22-223 (9th Cir. 1995); *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994), and *Gonsalves v. IRS*, 975 F.2d 13, 16 (1st Cir. 1992)). Judge Collyer's conclusion has since been accepted by Judge Bates in *Bryant*, 527 F. Supp. 2d at 140-40, and *Jaeger*, 524 F. Supp. 2d at 63-64, as well as by Judge Ellen S. Huvelle in *Spahr v. United States*, 501 F. Supp. 2d 92, 95 (D.D.C. 2007). This Court now joins the well-supported holdings of other courts in this District that Section 7433 does not provide a cause of action for actions not related to the

collection of income tax.

This holding requires the dismissal of most of the claims contained in Plaintiff's Second Amended Complaint: Counts 1 through 8 relate to the IRS' alleged failure to notify Plaintiff of his obligation to keep records and file tax returns, and failure to prepare substitute tax returns on his behalf; Counts 10 through 17 relate to the IRS' alleged failure to assess taxes and related matters; Counts 18 through 21 and 29 arise from the IRS' alleged failure to comply with procedures governing the assessment of interest and penalties; and Counts 9, 22 and 23 relate to the IRS' alleged improper use of Plaintiff's social security number, financial audit information, and statistical information of other tax payers. All of these claims arise from the IRS' alleged failures in assessing taxes or issues regarding the proof of Plaintiff's tax liability, rather than tax *collection* efforts. Plaintiff responds to Defendant's argument by asserting that he cannot be challenging the IRS' assessment of taxes because, as a factual matter, there is no evidence of such an assessment. Pl.'s Opp'n at 2. However, as Judge Bates aptly concluded in *Jaeger*, addressing a similar argument in that case, "that response wholly fails to address the legal issue of whether section 7433 authorizes a cause of action for IRS action (or inaction) concerning assessments." 524 F. Supp. 2d at 63. As this Court has already concluded that it does not, the Court shall dismiss each of the counts of Plaintiff's Second Amended Complaint delineated above. *See Bryant*, 527 F. Supp. 2d at 141.

In contrast, certain of the counts contained in Plaintiff's Second Amended Complaint might properly be described as relating to the tax collection efforts. These include Counts 24 through 28 and Counts 30 through 33, which allege the imposition of unidentified notices of tax liens or levies in the absence of notice and demand, hearing, and certifications, as well as

unspecified "conduct the natural consequence of which is to harass, oppress, or abuse." *See id.*; *Buaiz*, 471 F. Supp. 2d at 137. The Court therefore turns to Defendant's argument that Plaintiff's allegations fail to state a claim upon which relief can be granted. The Court agrees with Defendant that Plaintiff's allegations are entirely conclusory, and thus fail to satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a). As noted above, Plaintiff's lengthy (24-page and 33-count) Second Amended Complaint contains very few factual allegations. Instead, each of Plaintiff's 33 counts recites "On or about 2000 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 2000." *See* SAC at 3-23. Each count then states, in a conclusory manner, that "[i]n connection with the aforementioned collection actions the IRS disregarded" a different Code section or IRS regulation "with intent to defeat the application thereof," and then quotes or paraphrases the applicable statutory or regulatory provision. *Id.*

     Plaintiff maintains that these allegations meet "the 'notice pleading' requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41," and that "*Conley v. Gibson* is controlling on this issue." Pl.'s Opp'n at 2-3. However, as the Supreme Court recently observed in *Bell Atlantic*–abrogating in part *Conley v. Gibson*–to meet the Rule 8 notice pleading standard, a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65. Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted). Plaintiff's Second Amended Complaint consists primarily of "labels

and conclusions" and "formulaic recitation[s]" of statutory language. The sole factual allegations in Plaintiff's Second Amended Complaint are that the IRS has determined that Plaintiff owes taxes and has taken some "tax collection against" Plaintiff from 2000 to the present, including at least one unidentified "notice of lien and/or levy." *See Bryant*, 527 F. Supp. 2d at 141-42. These allegations fail to put Defendant on notice as to specifically what tax notices or levies are at issue, what specific conduct Plaintiff believes to be unlawful, and what conduct on the IRS' part had the "natural consequence" of "harass[ing], oppress[ing], or abus[ing]" Plaintiff. *Id.* The Court shall therefore dismiss Counts 24 through 28 and Counts 30 through 33 of Plaintiff's Second Amended Complaint for failure to state a claim and, as all of Plaintiff's counts have been dismissed, shall GRANT Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint in its entirety.[5]

  B. *Plaintiff's Motion for Leave to Amend*

The Court turns now to Plaintiff's motion for leave to amend his complaint by filing his proposed Third Amended Complaint. Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course prior to being served with a responsive pleading. Fed. R. Civ. P. 15(a). Thereafter, "a party may amend its pleading only with the

---

[5] Defendant also argues that Plaintiff's Second Amended Complaint should be dismissed insofar as it includes a claim pursuant to 26 U.S.C. § 7214. Def.'s Mot. at 4. In his Opposition, Plaintiff denies that he asserts such a claim. *See* Pl.'s Opp'n at 3. Nevertheless, in the interest of clarity, the Court notes that it concurs in Judge Bates' well-reasoned conclusions in *Bryant* and *Jaeger* that "Section 7214 is a criminal statute that does not provide for a private right of action and thus is 'not enforceable through a civil action,'" and that "section 7433 provides the exclusive damages remedy for any alleged IRS conduct 'in connection with any collection of Federal tax with respect to a taxpayer.'" 527 F. Supp. 2d at 142; 524 F. Supp. 2d at 65 (citations omitted). Therefore, to the extent that Plaintiff's Second Amended Complaint contains a claim under 26 U.S.C. § 7214, that claim is dismissed as well.

opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Plaintiff argues that "Defendant has yet to file a pleading in this matter. A motion to dismiss is not a pleading. As such it does not bar the plaintiff from amending his complaint . . . and until defendant files a 'pleading' [Plaintiff] is entitled to amend his complaint until he gets his complaint right." Pl.'s Mot. to Amend at 1. Plaintiff is only partially correct. "[A] motion to dismiss is not ordinarily considered a 'responsive pleading' under Rule 15(a)." *Confederate Mem'l Ass'n, Inc.*, 995 F.2d 295, 299 (D.C. Cir. 1993). Nevertheless, Rule 15(a) specifically limits Plaintiff to "amend[ing] [his] pleading *once* as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a) (emphasis added). Plaintiff exhausted his right to amend his pleadings "as a matter of course" when he filed his First Amended Complaint in April 2006. Subsequently, Plaintiff was, and still is, required to seek "the opposing party's written consent or the court's leave" in order to amend his complaint. As Defendant opposes Plaintiff's motion for leave to amend, Plaintiff cannot do so unless he obtains leave of the Court.

      The grant or denial of leave to amend is committed to the sound discretion of the district court. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.*; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "Although the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient

reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'" *Firestone*, 76 F.3d at 1208 (quoting *Foman*, 371 U.S. at 182); *see also Caribbean Broad. Sys.*, 148 F.3d at 1084. Nevertheless, the Court may deny as futile a motion to amend a complaint when the proposed complaint would not survive a motion to dismiss. *James Madison*, *Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996); *see also* 3 Moore's Federal Practice § 15.15[3] (3d ed. 2000) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.").

      The Court easily concludes that Plaintiff's proposed Third Amended Complaint would not survive a motion to dismiss, for it suffers from the same infirmities discussed above in connection with Plaintiff's Second Amended Complaint. As Defendant correctly argues, Plaintiff's proposed Third Amended Complaint still includes claims that relate to alleged actions other than the collection of taxes, and those claims that arise out of the IRS' alleged tax collection efforts fail to meet Rule 8(a)'s notice pleading requirement. *See* Def.'s Opp'n to Pl.'s Mot. to Amend at 1-2. Plaintiff's proposed Third Amended Complaint is certainly more focused on tax collection actions than his Second Amended Complaint. Nevertheless, Counts 1, 2, 14, and 23 of his proposed Third Amended Complaint continue to relate to the IRS' alleged failure to assess taxes or provide assessment notices, and Counts 6, 7, 16 and 17 allege that the IRS wrongfully disclosed Plaintiff's tax return information, thereby subjecting him to the "real possibility of identity theft." *See generally* TAC. These allegations, like most of those contained in Plaintiff's Second Amended Complaint, are not actionable under Section 7433 because they

do not relate to the *collection* of taxes.

The remainder of the counts included in Plaintiff's proposed Third Amended Complaint are comprised of the same "labels and conclusions" and "formulaic recitation[s]" as the counts in his Second Amended Complaint. As such, Plaintiff's Third Amended Complaint still fails to place Defendant on notice as to the tax notices, liens and/or levies at issue, the specific conduct Plaintiff believes to be unlawful, or how the IRS' conduct has the "natural consequence" of "harass[ing], oppress[ing], or abus[ing]" Plaintiff. The Court therefore concludes that Plaintiff's proposed Third Amended Complaint would not survive a motion to dismiss for failure to state a claim, and that granting Plaintiff leave to amend would be futile as a result. Accordingly, the Court shall DENY Plaintiff's Motion for Leave to Amend. In light of the dismissal of Plaintiff's Second Amended Complaint and the denial of leave to file his proposed Third Amended Complaint, the instant action shall be DISMISSED in its entirety with prejudice.

### IV.  CONCLUSION

For the foregoing reasons, the Court shall GRANT Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint in its entirety, and shall DENY Plaintiff's Motion for Leave to Amend. Further, the Court shall DISMISS Plaintiff's Second Amended Complaint, as well as this action, its entirety with prejudice.

Date:   March 16, 2008

                                           */s/*
                                       COLLEEN KOLLAR-KOTELLY
                                       United States District Judge